# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN JOHNSON, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:17-cv-00591<br>Collective Action |
| v. | |
| PAT WILLIAMS CONSTRUCTION, LLC. | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Pat Williams Construction, LLC. ("Pat Williams") failed to pay John Johnson, and other workers like him, overtime as required by federal law.

2. While Pat Williams paid Johnson, and other workers like him, the same hourly rate for all hours worked up to 40 hours in workweek, and overtime for work on a jobsite, Pat Williams did not pay Johnson and these other workers for the significant time they would spend traveling between jobsites.

3. Johnson brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

6. Johnson performed work for Pat Williams in this District and Division.

7. Pat Williams maintains its main office and regularly provides services in this District.

## THE PARTIES

8. Johnson was an hourly employee of Pat Williams. His written consent is attached as Exhibit A.

9. Pat Williams is a Louisiana limited liability company. Pat Williams may be served with process by serving its registered agent.

## THE FACTS

10. Pat Williams is a general construction company headquartered in Leesville, Louisiana.

11. Pat Williams designs and builds a wide range of buildings for government and industry.

12. Pat Williams's gross revenues have exceeded $1,000,000 in each of the past 3 years.

13. Pat Williams's employees routinely use, handle, sell, or work on vehicles, construction equipment, telephones, and tools that were produced for interstate commerce or actually traveled in interstate commerce.

14. Pat Williams is a "covered enterprise" subject to the requirements of the FLSA.

15. Johnson was hired in November 2015.

16. Johnson left Pat Williams's employment in September 2016.

17. Pat Williams paid Johnson by the hour.

18. Pat Williams paid Johnson $13 per hour.

19. Johnson reported the hours he worked to Pat Williams on a regular basis.

20. If Johnson worked fewer than 40 hours in a week, he would be paid only for the hours he worked.

21. Johnson typically worked 10 hours per day, 5 days per week.

22. Johnson typically started his work day at Pat Williams's office at 6:00 a.m., loading tools and heading off to the job site.

23. Johnson would then travel an hour or more to the jobsite.

24. Johnson typically worked on the jobsite from 7:00 a.m. to 4:00 p.m.

25. Johnson would then travel an hour or more from the jobsite to the office.

26. Johnson's workday ended after arriving back to the shop and unloading, which was usually after 5:00 p.m.

27. Johnson normally worked more than 40 hours in a week.

28. Pat Williams only paid overtime for hours Johnson worked in excess of 40 hours on jobsites and failed to pay anything whatsoever for drive time between job sites and the office

29. Johnson's hours are reflected in Pat Williams's records.

30. Pat Williams's decision to not to pay for drive time between jobsites and between the office and jobsites violates the FLSA.

31. Pat Williams was well aware of the overtime requirements of the FLSA and that the drive time between the office and job sites was compensable.

32. Pat Williams nonetheless failed to pay certain hourly employees, such as Johnson, overtime for hours spent travelling between the office and jobsites and between jobsites.

33. Pat Williams's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

34. Pat Williams's unlawful policy of not paying for drive time between work locations extends well beyond Johnson.

35. Pat Williams's failure to pay travel time between work locations is the "policy that is alleged to violate the FLSA" in this FLSA collective action.

36. Pat Williams's has dozens of hourly workers subject to the same unlawful pay scheme.

37. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

38. The workers impacted by Pat Williams's refusal to pay overtime should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All construction laborers employed by Pat Williams Construction, LLC during the past three years who were not paid overtime for overtime hours spent traveling between work locations.**

## CAUSE OF ACTION

39. By failing to pay Johnson and those similarly situated to him overtime at 1.5 times their regular rates for all hours worked over forty in a workweek, Pat Williams violated the FLSA's overtime provisions.

40. Pat Williams owes Johnson and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

41. Because Pat Williams knew, or showed reckless disregard whether, its pay practices violated the FLSA, Pat Williams owes these wages for at least the past 3 years.

42. Pat Williams is liable to Johnson and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

43. Johnson and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

44. Johnson prays for relief as follows:

    (a) An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who were not

paid 1.5 times their hourly rate for overtime hours spent traveling between worksites;

(b) Judgment awarding Johnson and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

(c) An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

(d) All such other and further relief to which Johnson and those similarly situated to him may show themselves to be justly entitled.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: ***/s/ Matthew S. Parmet***
_____
Matthew S. Parmet, T.A.
Louisiana Bar No. 32855
David I. Moulton
Texas Bar No. 24051093
*seeking admission pro hac vice*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
mparmet@brucknerburch.com
dmoulton@brucknerburch.com

**Attorneys for Plaintiff**